Good morning. May it please the Court. Isaac Ruiz from Keller-Rorbach for the Plaintiff Appellants. I'd like to cover three major areas. The significance of the issue first. Interpretation principles and their application to the subject insurance policy. And third, why age is not a proxy for obsolescence or physical deterioration. But first, an introduction. American family is systematically underpaying actual cash value on personal property claims by not following what the policies require. Actual cash value, which we have called ACV, is a defined term in the insurance policies. The policy says that ACV equals replacement cost minus depreciation for one, physical deterioration, or two. Not or. And. Good point. It's conjunctive, not disjunctive? You're absolutely right, Your Honor. It's an and. Depreciation for one, physical deterioration, and two, obsolescence. We've had three cases addressing the same insurance company in the exact same policy language. The three cases are Lane's, Barron, and Sparks. In Lane's, Judge Kuhnauer looked at this language and said that American family was not allowed to depreciate based on age. And that American factor, the American factory erred by taking age into consideration when calculating depreciation. In Sparks, which was issued by Judge Settle, the same judge, our trial judge below, after briefing closed on this case, on appeal, Judge Settle held that American family, looking at the same policy language, cannot depreciate based on age alone. The court in that case said that American family can only depreciate based on actual physical deterioration and obsolescence. The order below in Barron, unfortunately, did not include that language. It did not include the language that it was improper for American family to take depreciation based on age alone. And because that language was not there, that is the reason why the plaintiff appellant sought an interlocutory appeal. Because we were afraid that American family would take the order that Judge Settle entered in Barron, our case, and then argue that the American family policy language left open the door to take depreciation based on physical deterioration, obsolescence, or age. And in fact, that is one of the arguments American family made in Sparks, and that Judge Settle said, no, that is not what I meant in Barron. The first major point I'd like to address is the significance of this issue. American family's depreciation based on age, and that is all it is looking at, is incompatible with an insurance company's obligation to conduct a full and fair investigation of all material aspects of the insurance claim. Instead of looking to do an investigation about whether personal property items were actually physically deteriorated and obsolete, American family is just taking the age and subtracting value based on age alone. Both Blaines and Sparks, and these are the only two district judges who have looked at this policy language, both counsel. Let me let me just look at the history of this case. In April 2017, which is the time the interlocutory appeal was based on, the district court in both of those orders said consideration of age is not categorically prohibited, but must be linked to physical deterioration or obsolescence. And then in both of those, and that was on cross motions for summary judgment. And then the district court granted motion for permission to appeal, interlocutory appeal, and the hook there was the inconsistency of the opinions. But wasn't the language, the consideration of age, linked to physical deterioration, obsolescence? Isn't that where we are? Yes, Your Honor. And the one thing that Judge Settle did not say in our case that he has now said in Sparks is that it is inappropriate for an American family to take depreciation if all it's looking at is age. So he said that in April 2017? No, he said that. He said it in April 2017. I just read it to you. I think, yes, Your Honor. And we saw ambiguity in that language that was going to potentially cause us problems when we were arguing class certification. Right. Because he did not say so directly that it was improper for an American family to depreciate based solely on age. That level of specificity was not in his order here. Has any state court of appeal decision, Washington Supreme Court, ever touched on this issue? As far as we're aware, Your Honor, there are only three decisions that address this precise policy language, and they are in Lanes, Barron, and Sparks. But no court of appeals in the Supreme Court. Has any other state court of appeal or any other state Supreme Court that has touched on this language? No, Your Honor. And one of the reasons may be that there may be differing policy language. I know that I found language from American Family Policies in Nevada, and this was a link that was provided to the district court that defined actual cash value as including depreciation based on wear and tear and age. So that policy language was different and allowed the kind of depreciation that American Family is taking sort of on a large scale way here in Washington, but we have different policy language. I have a question. We all know that physical objects such as that carpet have a predictable life depending on its use. The experience is that the carpet may have a 20-year life. Why can't the insurance company say at 10 years the actual cash value is 50%? Your Honor, I think the reason that's the experience they have. The answer is that it is absolutely true that obsolescence and deterioration when they happen are common experiences that they happen over an axis of time. Absolutely. It is also true that just like depreciation happens over time, appreciation happens over time. I have a rug in my living room that I paid a lot of money for and it was made in 1980. And it is also true that things can become more useful over time. And so the example of the book that we have given is a good example. So in our record, there are examples of books that are one or two-year-olds. Are you in a position that the insurance company can't use any tables of depreciation and obsolescence which consider age? It is our position that the insurance company has to investigate the actual condition of the item in question. And it can do this in a lot of different ways, including asking the insured what the condition of these items were. Can they ask when did you buy it? Absolutely. They could ask. But what American Family is doing here is only looking at the age and not looking at the condition. My understanding is they are doing straight-line depreciation on all items. Is that correct? They are using straight-line depreciation, but the formula that they are using is a complete secret sauce that no one knows. And in Sparks, when we read Sparks, there is an admission in there from American Family saying that they don't know what the secret sauce is. So this is fundamentally incompatible with the insurance company's obligation to accurately determine ACV. That's WAC 284-30-387. So is your argument that the policy just does not allow for consideration of age or that the policy is ambiguous and it should be interpreted in your favor? I think we have to come back to one of the big points that American Family is making, and I'm answering your question, Your Honor, is that you can't interpret the policy in a way that nullifies any of the language. And what we have here is very clear language saying the kinds of depreciation that can be taken. Depreciation for physical deterioration and obsolescence. And when we look at that, as I've said, those things do happen over a span of time. And so I think, but that does not lead to the conclusion that American Family is drawing, which is that you can apply some, from as far as we know, out of thin air, straight line depreciations based purely on the age. And again, we're talking about one or two year old books that American Family says has zero value. And if the policy requires there to have been physical deterioration or obsolescence, how can you make that determination? I have a book at home that my assistant gave me five years ago. It's a book about the Princess and I cracked it open. It is in mint condition. It's the same as the one at Barnes and Noble. Its entertainment value is exactly the same. If my house burns down, American Family will assign that zero dollar values. That's the mischief that is created. And to come back to the first point that I was making, which was why it's significant, it's because number one it's incompatible with the insurance company's obligation to investigate. That's what they're set up. And so there are thousands of personal property items in one inventory. There are of course hundreds and thousands of claims in Washington every year. And we know the practical effect is, we know, my partners are in the room right now, we know that most policy holders do not come back to make an RCV claim. That is that they take the actual cash value payment and they never come back to collect the depreciation from the insurance company. And so the insurance company, and we have information in the record to back that up, what is happening is that the insurance company is selling a replacement cost insurance policy depreciating based purely on age, paying zero in actual cash value for a lot of items and for many other items depreciating without any evidentiary basis of physical deterioration or obsolescence. And they're selling the RCV policy, they never pay it. And for many items they pay zero. And again, I just, I don't believe there's an ambiguity, Your Honor. Every judge that has looked at it has now said that the only way- Well even if there was ambiguity, it should be construed in your favor, right? That's absolutely right, Your Honor. Washington law. Let me ask you this. So if no court of appeal, I don't know how many court of appeals there are in Washington, maybe there's only one, but the appellate courts in Washington, if they've not considered this issue, should we certify it to the Washington? We have asked that to happen. To the Washington Supreme Court? They're pretty good. They take, generally when we ask them to address an issue, they're pretty good about taking it and deciding the question. Absolutely, Your Honor. No court, no appellate court has decided this issue based on this Judge Settle has made this point in his recent Sparks decision, which is that even after Lanes, American Family kept doing that, and we have that email in our record. And even after Barron, American Family kept doing it, and that led to Sparks. And so it calls for attention from an appellate panel, because at the same time- We can address it. Absolutely, Your Honor, but- Our decision is only binding on district court judges. But an interesting point that American Family is making in their brief is, like one of their district court opinion doesn't bind another district court, and in fact, does not even bind that same district judge. So it calls out for an authoritative decision. And one of the arguments that American Family has made is that this doesn't involve any changes in the rules about how one interprets an insurance policy. But that is true, and we think that application of those principles leads to the conclusion that we're asking for. But it is also true that the Supreme Court of Washington does take these kinds of cases and does find them of sufficient public policy. They're pretty good. They take- They're very good about taking cases we send to them. We've got two minutes left. Why don't you save the balance for rebuttal? Let's hear from the other side. Thank you, Your Honors. May it please the Court. Michael McCarthy with Faigree Baker Daniels, with my co-counsel Rory Lead, appearing on behalf of American Family Mutual Insurance Company. A critical threshold observation here is what the scope of this appeal entails. The scope of this 1292 interlocutory appeal, Your Honor, relates to the very narrow question of whether Judge Settle properly concluded as a matter of law that there is no merit to the central contention in plaintiff's complaint, namely that American family can never, never take into account age in calculating depreciation. There has been talk in the briefs, there's been talk here at oral argument, Your Honor, about whether American family always takes age into consideration with respect to- I've been thinking about the position you're now- you're taking regarding the scope of the order granting permission to appeal. And it granted- the district court granted the motion for permission to appeal and certified its 2017, its April orders, resolving both the cross motions for summary judgment for appeal. Would you agree with that? I believe so, Your Honor, but I think the specific question- I don't have the permissive order in front of me, but the order- the question that we have briefed in our papers is specifically whether American family can ever take age into account. And what the court is being presented with is a contention that this appeal turns on the assertion that American family always takes age into account- Exclusively. Exclusively. Exactly, Your Honor. The record doesn't support that. The record doesn't support that with respect to the named plaintiffs, Your Honor. There are four named- there are named plaintiffs here. And in what the record shows, the broader record, not the excerpted record, but in the documents that American family produced in discovery here with regard to the lead named plaintiff, Barron, and with regard to Hillestad, more than half of the items that were included in their claims inventory were not depreciated on the basis of age. They were not depreciated on the basis of the age over the useful life. But some were. Some were. Some weren't. Over- He says you can't do that. I'm sorry, Your Honor? He says their position is you can't do that. Well, and correct, Your Honor. And their contention is that we can never take age into account. That's correct. And- And apparently, Judge Kuhnhauer said you can't take age- you can't base your depreciation solely on age. Correct, Your Honor. And he did say that in Lanes. And Lanes- obviously, Lanes isn't before us. But what Judge Settle said was that he specifically disagrees with that absolute position that was expressed in the Lanes opinion. And that's- that became the grounds for the interlocutory appeal. We have two differing district court opinions. So that was the grounds for the appeal, right? I believe that- correct, Your Honor, that was part of it. I also believe that there were some contentions made that there are novel questions of law that are presented here. But understood, Your Honor. Now, counsel, is it your position that some actual cash value can be determined solely on the basis of age without consideration of physical deterioration and obsolescence? Here's the best way I can answer that question, that there will be circumstances that the only information that is available with respect to the- to a claim is age. And here's the best example that I can give you, Your Honor, that oftentimes in these cases, what you have- these are homeowners, obviously, homeowners insurance cases. What you'll also often have is a total loss. You'll have an insured who has their home burned to the ground. So there is- there's been talk here about examine the item, for example. Your Honor, it's a little bit disingenuous to say that because there's no item to examine here. And so the only information that oftentimes will be available- and you'll- these inventories, for example, the Hillestead inventory, Your Honor, was 4,000 items long. 4,000 items long. Thousands of items in here. But in a total loss situation, Your Honor, the only information that is sometimes available is the age. And we believe that under those circumstances, in order to avoid, Your Honor, an over-insurance situation, as we argued in the brief under Washington statute, there- there has to be some account taken to age because otherwise, if you don't have anything to take into account, then what you do is you end up having replacement cost equate with actual cash value. But you have that occur even though there's no replacement that takes place. And under those circumstances, we think there's a- there's a problem under Washington state statute. So, Your Honor, yes- Go ahead. Finish your- The short answer to your question is yes. And that we do believe that in some circumstances where there is no information other than age, then it's a reasonable interpretation of the policy and the common sense understanding of depreciation that you would take into account the age of an item because necessarily there will be obsolescence involved in an- in a- in an item that's been in use for many, many years. Why don't you just put that in the policy? Your Honor, I believe that- My goodness. You could just take care of all these problems. You know, I- I- I- I- The average home- the average homeowner, I doubt, really understands how all this works. Your Honor, we believe, and I think Judge Settle believed, that the average homeowner would understand that depreciation necessarily means a decline in value over time. And the Merriam-Webster definition, again, Washington state law, makes clear that you can construe- you can interpret a policy provision by reference to the common English language meaning of it as found in a dictionary. That's exactly what Judge Settle did here. And so, you know, our- our motion for summary judgment was very targeted because what the plaintiff did here was, in a colloquial sense, they led with their chin. They sort of said, you can never do this. There was a- there was a reason, there was a litigation strategy reason for that, because it would support their- their motion for class certification down the road. But what- what they said is, you can never take that into account. All Judge Settle did- said, neither more nor less, was that the common language interpretation of obsolescence necessarily involves the passage of time. And based on that consideration, you can take age into account. Your Honor, what the- what the court is- is hearing from- from plaintiffs here is that obsolescence should be measured by utility or subjective value to the owner. And the- that would result in an inability to- to come up with any value or it would lead you to come up with a subjective value for that- for that item, which is not what the case that we've cited in- in the- in the briefs called Hester against North Pacific Insurance- Hess against North Pacific Insurance Company, that explains the overall context for replacement policies and depreciation and their use. And its notion goes to replacing- its- its focus is on identification. The theory is that an insurance contract is intended to identify but not enrich insured. And so if there's been an actual loss, that's what has to be indemnified, not the replacement and- not the replacement cost unless there has actually been a replacement that's occurred. So what- I'm sorry, Your Honor. What we're- what we're confronted here is- is a situation where if- if the standards that are- that the plaintiffs are- are advocating here in terms of utility or subjective value for a personal item, a book, a hairbrush, the various things that are cited in the brief, if- if those are the types of standards that are employed, it becomes impossible to- It'd be very difficult to rate the premium if everybody's subjective evaluation of objects had to be taken into consideration. Exactly, Your Honor. And- and that- and that's- that's exactly the case law says that in terms of actual cash value, interpreted across a number of different insurance opinions, actual cash value is seen as synonymous with fair market value. There are many, many cases, there are cases that we've cited in the briefs that stand for that proposition. And so what- what the objective is when we talk about actual cash value equating to replacement value less depreciation is to come up with a fair market value for that item at the time that the loss occurred. Of course, counsel, we're dealing with- with a policy that says quality less depreciation for physical believes you want this red would be another and age. But your position is that age must relate to obsolescence or deterioration? Is that your position? That's what Judge Settle ruled in- in Sparks. Right. And what- what we believe that means is that- that age can be taken into account. Right. But- but that age factor shouldn't be then in turn tied to subjective measures like utility or sentimental value for the item. Well, that's down the- that's down the road. That's not really before us, is it? Well, it- it's not, Your Honor, but I think those are the positions that are being argued. And- and so actually, we- we would- this case will- will one way or the other, it'll go back to Judge Settle because it's just a partial summary judgment. He- he didn't rule on the entire case. What we want to be able to present to Judge Settle on a fully developed record, none of the plaintiffs, for example, in this case have been deposed. There have been no depositions taken in this case. It's a very, very small factual record. What- what we would wish to present to the trial court on a fully developed record is the notion that- that age is- is embedded in obsolescence, and it can indeed be taken into account because it's intrinsic in the notion of depreciation. And if- if you have to always run age through the filter of obsolescence or- or physical deterioration measured by the way we've heard it articulated here today and in the briefs, then you- you have a- reading depreciation out of the contract because you're establishing what is- it's a mission impossible in order to be able to show that depreciation factor if it has those subjective elements to it. I was going to ask you, as I asked your opposition counsel, should we send this- should we certify this question to the Washington Supreme Court? No, Your Honor. Why not? This- this case presents the panel with what we submit as a garden- a garden variety contractual interpretation case that- that the circuit- that all circuit courts of appeal deal with in diversity cases all the time. That what- what Judge Settle did when he interpreted replacement costs less depreciation for obsolescence or physical deterioration is he just read- he just interpreted what the words meant. And he did that primarily by reference to the Merriam-Webster Dictionary. And what Washington state courts say- state court opinions say from the Washington Supreme Court is that using that method in order to interpret the meaning of language is entirely consistent with Washington common law here. So there- a- a lateral to the Washington Supreme Court would ask them to do that which this court does all the time when it handles contractual interpretation cases. Anything we say though has- is really only binding on the district court judges. Not- not- has no precedential value with respect to the Washington state courts, trial courts, courts of appeal. I think- I under- I understand that in terms of binding precedent, Your Honor. I- I mean, certainly the circuit's opinions are given significant consideration, you know, in- in arguing positions. But it- it's- it's a garden variety contract interpretation case. And it's a very narrow one that is tied up. So how do you- now, just so I clearly understand your position, how do you- since it's an interpretation case and you were in my position, how would you want me to interpret this language? I would interpret the language exactly how Judge Settle interpreted- interpreted it in his opinion. In this case. In this case. Not in the other case. Not- not- not in- not in the other case. I mean, I- So was he- is he just having some mental- what's going on with Judge Settle? If he said- he- counsel says he says one thing here and he modified his position in another case. The- the- the distinction really in Sparks is that there was a- there was a contention there that American family always took depreciate- always took age into consideration and only took age into consideration. And that's not this case and it's not this case because that's not the record here. I mean, to just give you an example, in the Hillestad file- Okay, okay. As you set out at the beginning. I was just going to say that- that- the- the- can I just add that- Oh, go ahead. Thank you. The- the insured in Hillestad was asked to provide the age for several thousand additional items that were added to the list. The insured said, I'm not going to do that. I'm frustrated with this process. I'm not going to do that. So what American family did is they- they didn't depreciate the items at all. Not at all. That's what the record shows in this case, Your Honor. Okay. Thank you very much. Thank you. I don't think that's what the record shows, Your Honor. I'm looking at it right now. Starting on ER 17, it has the excerpts from the Hillestad inventory. And I would say that well over 90% of these items are depreciated. And every item that has depreciation is based on age. It's clear from the document. On certification, the court should absolutely certify to the Supreme Court for two reasons. One is the question that Your Honor asked, which was, can- why cannot- why can't, based on our experience, time serve as a proxy for obsolescence or physical deterioration? And that goes to the heart of what it means to have a duty to fully and fairly investigate an insurance claim. How do you fully and fairly investigate a 20-year lifetime carpet that was used for 10 years that was totally burnt in the house? Right, Your Honor. We have never said that the insurance companies- How do you do that? You can't do that, right? Start by asking the insured, Your Honor. You could start by asking the insured to see if they have any photographs of the property. Other insurance companies have asked for this kind of information, in my experience. They can have a dialogue with the insured about what the condition of this carpet was and why they were still using it. And we have never taken the position that obsolescence depends on the subjective feelings of any insured. Obsolescence has a meaning. Physical deterioration has a meaning. And all that we are saying is that actual cash value, which is defined in the policy, doesn't matter what any other case says. It's defined in our policy as replacement cost minus physical deterioration and minus obsolescence. That that has to be linked to actual evidence of both of those things. Okay. Thank you, Your Honor. Thank you. We appreciate your arguments this morning. Very interesting. The matter is submitted.
judges: Paez, Bea, Black